|1BYRNES, Judge.
The Louisiana State Board of Medical Examiners (Board) instituted disciplinary proceedings against Dr. David Golden alleging that Dr. Golden violated conditions of his probation stemming from prior disciplinary action and improper care of two patients upon whom he had performed abortions. Prior to his hearing, Dr. Golden sent deposition notices to Board members in order to interrogate them as to their opinions on abortion. The Board granted a motion to quash the deposition, and Dr. Golden filed a request in district court for review of the granting of the motion to quash.
In his petition for judicial review, Dr. Golden asserted that the quashing of the depositions denied him the opportunity to investigate whether Board members were capable of providing him with a fair and impartial hearing. The Board opposed the petition for review by stating in its answer that it would be inappropriate for the Board members who are to be the triers of fact to be witnesses as well. The Board further asserted that it was no more appropriate to allow the members to *691 be deposed than it would be to depose a trial judge in order to determine his predisposition on issues deemed critical to the litigant.
The trial court reversed the granting of the motion to quash and ordered that the Board members be deposed. The Board applied to this Court for Supervisory Writs, asking us to reverse the judgment of the district court. We grant writs and reverse.
The Board complains that the trial court erred in allowing its members to be deposed and argues that Dr. Golden’s attempt to depose the Board members is based on unfounded speculation that they have so strong an opinion on the issue of abortion that they would blindly disregard their obligation to decide the case on the evidence. The Board asserts that |2if Dr. Golden has a good faith basis to believe that any member is motivated by improper bias or prejudice, then he should file a motion to recuse in accordance with R.S. 49:960 B.
In response Dr. Golden asserts that because abortion is such a contentious and divisive issue, the possibility of bias is not remote and undefined. He argues that a person’s views on this issue cannot be determined from his public conduct and can only be discovered through direct questioning. He further argues that allowing depositions in this instance will not expose agency officials to investigation at the whim of every litigant. He points out that judges can be compelled to testify at a hearing on motions to recuse them when their partiality has been called into question.
Although Dr. Golden is correct in stating that abortion is an extremely contentious and divisive issue, this alone does not entitle him to depose the Board members about their views concerning abortion. The hearing is about allegations of substandard medical care in conjunction with two abortions he performed. He is not facing disciplinary action for having done the abortions themselves.
R.S. 49:960 B provides that any party may request the disqualification of a subordinate deciding officer or agency member on the ground of his inability to give a fair and impartial hearing by filing an affidavit upon discovering the alleged disqualification and by stating with particularity the grounds upon which it is claimed that a fair and impartial hearing cannot be accorded.
By way of analogy, LSA-C.C.P. art. 151 B(5) provides that a judge may be recused when he “[i]s biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties’ attorneys to such an extent that he would be unable to conduct fair and impartial proceedings.”
Carried to its logical conclusion, Dr. Golden’s argument would subject judges and other triers of fact to harassing and time consuming depositions every time any allegedly controversial issue came up.
LSA-R.S. 49:960 and LSA-C.C.P. art. 151 through 161 do not allow a party to conduct discovery proceedings to determine if a basis for recusation exists. Where LSA-R.S. 49:960 refers to “the discovery of the alleged disqualification” and LSA-C.C.P. art. 154 (which should be read in conjunction with LSA-C.C.P. art. 160 on the recusation of appellate judges) refers to the time when “the party discovers the facts” the reference is not to discovery proceedings. |3There is no authorization for general discovery proceedings to determine if ground for recusation exist. The party must “discover” the grounds on his own under either provision and then state them with particularity in writing (in affidavit form under LSA-R.S. 49:960, and in motion form under LSA-C.C.P. art. 160) before a recusal hearing is warranted. It would not be sufficient just to allege general bias against a party or an issue. Some particular fact must be alleged that if proven would support a finding of bias.
For the foregoing reasons the judgment of the district court is reversed.

WRIT GRANTED. JUDGMENT REVERSED.